**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHNNY DALE BLACK,

          Petitioner - Appellant,

v.

ANITA TRAMWELL, Warden,
Oklahoma State Penitentiary,[*]

          Respondent - Appellee.

No. 10-6062

(W.D. Oklahoma)

(D.C. No. 5:02-CV-00225-C)

---

**ORDER AND JUDGMENT**[**]

---

Before **LUCERO**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

On June 14, 2012, this court issued an order rejecting most of the claims

raised by Defendant Johnny Black on appeal. *See Black v. Workman*, 682 F.3d

880 (10th Cir. 2012). A few claims, however, were not resolved because of a

question whether the state procedural default of those claims had been

---

[*]Pursuant to Fed. R. App. P. 43(c)(2), Anita Tramwell, acting Warden of
the Oklahoma State Penitentiary, replaces Randall G. Workman effective
September 24, 2012.

[**]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

independent of federal law. We certified that question to the Oklahoma Court of Criminal Appeals (OCCA), asking whether the procedural default depended on the merits of Defendant's federal constitutional claims. The OCCA promptly responded, issuing an opinion on August 15 stating, "Our decision denying Black's claims in his second post-conviction application as procedurally barred did not depend on the merits of those claims." Op. Answering Certified Question of Law at 1, *Black v. Workman*, No. CQ-2012-528 (Okla. Crim. App. Aug. 15, 2012).

Although this response appeared to resolve the question, Defendant requested authorization for further briefing, which we have granted. We are not persuaded by Defendant's arguments.

There is no longer any doubt that the state procedural bar was totally independent of federal law. The state court barred Defendant's claims under a state procedural rule without examining the merits of his federal issues. The bar did not depend on any issue of federal law subject to our review.

Defendant argues that the OCCA's response to our certified question shows that the ground for the state procedural bar must be inadequate (and therefore can be ignored by this court) because, he claims, the state court is inconsistent regarding whether it examines the merits of federal claims before invoking the bar. We disagree. In our June 14 decision we rejected Defendant's contention that the bar is inadequate. The OCCA's response to our certified question does

not alter our assessment. Prior decisions by that court did not indicate that application of the procedural bar required the assessment of the merits of any federal constitutional issue. This court simply had sufficient doubt on the subject, particular in light of the decision by the United States Supreme Court in *Ake v. Oklahoma*, 470 U.S. 68 (1985), that it seemed prudent to request clarification from the OCCA. Given that clarification, we discern no inconsistency that would change our prior rejection of Defendant's argument that the state procedural bar is inadequate.

Therefore, we affirm the decision of the district court with respect to the issues left undecided by our June 14 order. We agree with that court that Defendant's issues 9, 10, 11, 12, 13, and 14 are procedurally barred.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge